_____

NO. 14-40770

_____


IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

V.

GUADALUPE TREVINO,

Defendant - Appellant.

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION
_____

**APPELLANT'S OPENING BRIEF**

ROBERTO J. YZAGUIRRE
Attorney for Appellant
6521 N. 10th, Suite A
McAllen, Texas  78504
(956) 682-4308
(956) 682-7864 (fax)
State Bar #22234000

November, 2014

i

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed person(s) have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.    Mr. GUADALUPE TREVINO, Appellant.

2.    Mr. ROBERTO J. YZAGUIRRE, attorney for Appellant on appeal.

3.    Ms. Renata Ann Gowie, Assistant United States Attorney on appeal.


*/s/Roberto J. Yzaguirre*
**ROBERTO J. YZAGUIRRE**
Attorney of Record for GUADALUPE TREVINO, Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, **GUADALUPE TREVINO**, does request oral argument. Counsel believes that oral argument would be of service to the Court in this case which raises important sentencing issues.

# TABLE OF CONTENTS

**PAGE**

Certificate of Interested Persons ............. ii

Statement Regarding Oral Argument ........... iii

Table of Contents ............................ iv

Table of Authorities .......................... v

Statement of the Jurisdiction ................. 1

Statement of the Issues ....................... 2

Statement of the Case ......................... 3

    (a) Course of the Proceedings and Disposition
        In the Court Below ..................... 3

    (b) Statement of Facts ..................... 4

Summary of the Argument ....................... 6

Argument and Authorities ...................... 8

    I. WHETHER APPLYING SENTENCING ENHANCEMENTS
       FOR ABUSE OF A POSITION OF TRUST WAS
       ERRONEOUS............................... 8

    II. WHETHER THE TRIAL COURT ABUSED ITS
        DISCRETION IN DEPARTING UPWARDS FROM
        THE GUIDELINES.........................11

Conclusion and Prayer for Relief ............. 16

Certificate of Service ....................... 17

# TABLE OF AUTHORITIES

**<u>CASES</u>**                                                    **<u>PAGE</u>**

*U.S. v. Brown, 941 F2d 1300*
 *(5th Cir. 1991)*................................ *9*

*U.S. v. Ekanem, 555 F3d 172, 175*
 *(5th Cir. 2009)*................................ 7

*U.S. v. Goss, 548 F3d 1013, 1016*
 *(5th Cir. 2008)*................................ 7

*U.S. v. Kay, 513 F3d 432*
 *(5th Cir. 2007)*................................*9*

*U.S. v. Mares, 402 F3d 511*
 *(5th Cir. 2005)*................................*14,15*

*U.S. v. Morrison, 11-50641*
 *(5th Cir. 4-4-2013)*............................ 7

*U.S. v. Ollison, 555 F3d 152*
 *(5th Cir. 2009)*................................*9*

*U.S. v. Tedder, 18 F3d 549, 550*
 *(5th Cir. 1996)*................................ 7

*Gall v. U.S., 552 U.S. 38,*
 *49-60 (2007)*................................ *12*

**<u>STATUTES</u>**                                               **<u>PAGE</u>**

Title 18 USC § 1956(a)(I)(B)(i) and (h) ........ 3

Title 18 USC § 3553(a) ........................ 12

Title 28 USC § 1291 ........................... 1

Title 28 USC § 3231 ........................... 1

**RULES**                                                    **PAGE**

Rule 4(B) of F.R.Cr.P. . . . . . . . . . . . . . . . . . . . . . . . 1

**SENTENCING GUIDELINES**

USSG 3B1.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATEMENT OF JURISDICTION

This is a direct criminal appeal from a final judgment of conviction after a plea of guilty, rendered on July 17, 2014, by the Honorable Micaela Alvarez, Judge of the United States District Court for the Southern District of Texas, McAllen Division, for conspiracy to commit money laundering. The District Court had jurisdiction pursuant to Title 28 U.S.C. §3231. This Court has jurisdiction pursuant to Title 28 U.S.C. §1291. Timely notice of appeal was filed on July 17, 2014, pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure.

## STATEMENT OF THE ISSUE

I.    **WHETHER APPLYING SENTENCING ENHANCEMENTS FOR ABUSE OF A POSITION OF TRUST WAS ERRONEOUS.**

II.   **WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DEPARTING UPWARDS FROM THE GUIDELINES.**

**STATEMENT OF THE CASE**

**(a) Course of Proceedings and Disposition in the Court Below**

On April 9, 2014, Appellant was charged by criminal information issued out of the McAllen Division of the Southern District of Texas with the offense of conspiracy to commit money laundering in violation of Title 18, United States Code, Sections 1956(a)(I)(B)(i) and (h). (R.6)[1]. After waiving indictment, Appellant entered plea of guilty on April 14, 2014 (R.3). On July 17, 2014, the trial court sentenced Appellant to sixty (60) months incarceration, two years supervised release, and special assessment of $100.00. (R.4). Appellant filed timely notice of appeal (R.4).

---

[1] As used herein references to the record will be denoted "R" followed by the page number of the digital Record on file herein, or "D" for the Docket Sheet on file followed by the entry number.

3

### b) Statement of Facts

After the shooting of a Homeland Security Agent on July 3, 2012, investigations ensued involving drug trafficking and public corruption. The investigations led to the arrest and conviction on Tomas Gonzalez, a drug trafficker, and Hidalgo County Sheriff's Office Commander Jose Padilla. (R.62). Padilla received money from Gonzalez in exchange for favors relating to Gonzalez's illegal activities (R. 62-63). Padilla's role with the Sheriff's Office also involved him in serving, unofficially, as a campaign fundraiser for Appellant's (then serving as Hidalgo County Sheriff) re-election campaign. (R.63). Money provided by Gonzalez to Padilla also went to Appellant for Appellant's campaign and personal use. (R. 63). Appellant failed to document and report the contributions from Gonzalez on his campaign finance report. (R.86-87). The verifiable unreported contributions totaled "at least $60,000 in laundered funds)" (R.89). Appellant accepted responsibility for receiving and failing to report money that was the proceeds of drug trafficking activity and also asserted

4

law enforcement function of the Hidalgo County Sheriff's office was never compromised by Appellant (an assertion which was never controverted). (R.89).

**SUMMARY OF THE ARGUMENT**

I.    Appellant laundered illicit funds through a campaign account and in no way used his office as an elected official to launder the funds or to avoid detection for laundering funds.  Therefore, no enhancement for abuse of trust should apply.

II.   With no opposition to a low end of the guidelines sentence, the Trial Court departed upward substantially from the guidelines without articulating appropriate justification making the sentence unreasonable.

6

**RESTATEMENT OF ISSUE NUMBER 1**

I.    **WHETHER APPLYING SENTENCING ENHANCEMENTS FOR ABUSE OF POSITION OF TRUST WAS ERRONEOUS.**

**(a) STANDARD OF REVIEW**

This Court has held:

"We reviewed a defendant's sentence for reasonableness under an abuse-of-discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 49-50 (2007); <u>United States v. Goss</u>, 549 F.3d 1013, 1016 (5th Cir. 2008) (citation omitted). Nevertheless, "the district court must still properly calculate the guideline sentencing range for use in deciding on the sentence to impose." <u>Goss</u>, 549 F.3d at 1016 (citation omitted). We review calculations of the loss amount and other factual determinations for clear error, and we review legal questions about the interpretation of the Guidelines de novo. <u>United States v. Tedder</u>, 81 F.3d 549, 550 (5th Cir. 1996) (citations omitted). Under the clearly erroneous standard, we will uphold the district court's finding so long as it is "plausible in light of the record as a whole. However, a finding will be deemed clearly erroneous if, based on the record as a whole, we are left with the definite and firm conviction that a mistake has been committed." <u>United States v. Ekanem</u>, 555 F.3d 172, 175 (5th Cir. 2009) (internal quotation marks and citations omitted)." **<u>U.S. v. MORRISON</u>, 11-50641 (5TH Cir. 4-4-2013)**

7

## (b) ARGUMENT AND AUTHORITY

The Trial Court, after overruling Appellant's objection to the application of USSG 3B1.3, adopted the recommendations of the Presentence Report and found Appellant's guideline range to be 37 – 46 months. (R.67). In discussing the PSR, the Court below stated, in part, "We have here a known drug trafficker making a donation not to somebody who is out on the street, not to somebody who isn't in a position to perhaps at some point in time grab some ---- favor, okay?... The reason the donation is made is because he is the Sheriff at the time." (R.50).

The Trial Court showed obvious frustration with the PSR stating, "...I will tell you very frankly that I have more questions after having reviewed the report than I did from having taken the plea in this case. "There is a lot that I think is not answered for here". (R.59).

This Court has prescribed a two-step inquiry in determining the application of a USSG 3B1.3 enhancement, "enhancement is appropriate if (1) [defendant] occupied a position of trust, (2) that she used to significantly

8

facilitate the commission or concealment of the offense." U.S. v. Ollison 555 F3d 152 (5th Cir. 2009) citing U.S. v. Kay, 513 F3d 432 (5th Cir. 2007). An underlying requirement must be a finding "the defendant abused his position in a manner that significantly facilitated the commission or concealment of the offense". U.S. v. Brown 941 F2d 1300 (5th Cir. 1991).

In the Addendum to the Presentence Report it states "The U.S. Probation Office concedes that the defendant's beliefs regarding the transparency of political candidacy are accurate in theory. However, after a review of the overall circumstances in regard to the offense, it is believed that his particular status as the head law enforcement officer of Hidalgo County, Texas allowed him to conceal his activity of money laundering for a known drug trafficker." (R.99).

While it may be the "belief" of the reporting officer that Appellant's position allowed him some ability to conceal his money laundering, the record is devoid of any factual support for such conclusion and the Trial Court made no effort to articulate any factual support for its

overruling the objection to applying USSG 3B1.3 to Appellant. Moreover, the Trial Court's failure to engage in the mandatory two-part inquiry shows its conclusion to be clearly erroneous.

**RESTATEMENT OF ISSUE NUMBER 2**

I.   **WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DEPARTING UPWARD FROM THE GUIDELINES.**

**(a) STANDARD OF REVIEW**

In a challenge to a sentence, the U.S. Supreme

Court has held:

> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard.  It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. Id., at ____.  But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due

11

deference to the district court's decision that
the §3553(a) factors, on a whole, justify the
extent of the variance.  <u>Gall v. U.S.</u>, 552 US 38
(2007).

### (b) ARGUMENT AND AUTHORITY

After the Trial Court determined Apellant's guideline
range was 37-46 months, the following was stated, "And
the Court, however, does not believe that that is
sufficient under the circumstances here". (R.67).

The Judge went on to justify its conclusion by
explaining it did not believe the amount of money
involved was dispositive of the sentence but the source
of the money was of great concern and the abuse of trust
enhancement was not sufficient where a sheriff was
concerned. (R.67).

In its judgment the Trial Court explained the
guidelines departure, "The Court finds the guidelines do
not adequately address all the sentencing factors
pursuant to 18 U.S.C. §3553(a), and the Court imposes the
sentence for these reasons:  The Court finds that an
upward variance from the advisory guidelines is
appropriate considering that the defendant was the

12

highest elected law enforcement official in Hidalgo County, Texas, whose conduct caused a loss of public confidence in the law enforcement community in the Rio Grande Valley region." (R.105).

The trial counsel for Appellant, of course, argued for a sentence at the bottom of the guidelines and the AUSA stated, "the Government has no opposition to the low end." (R.58).

The Trial Court was concerned about the source of the funds involved, yet it was the source of the funds which made Appellant's actions a Federal crime. Appellant received campaign contributions and did not properly report them and disclose the source. The fact the funds were tainted is what made this a federal case and should not be considered as grounds to depart from the guidelines. Although no evidence supported a conclusion Appellant used his position as sheriff to commit or conceal his offense, he was subjected to an abuse of trust enhancement and an upward departure simply because he was the Sheriff. Without the abuse of discretion enhancement, the guideline range was 30-37; with the

13

Government not opposing low end, a sentence of 30 months would have been reasonable, yet the Trial Court doubled that. The PSR, which was adopted by the Trial Court (R. 101) only identified additional monies not included in guidelines calculations (and without substantiated evidential support) as factors that could warrant a departure.

"However, when the judge elects to give a non-Guideline sentence, she should carefully articulate the reasons she concludes that the sentence she has selected is appropriate for the defendant. These reasons should be fact specific and include, for example, aggravating or mitigating circumstances relating to personal characteristics of the defendant, his offense conduct, his criminal history, relevant conduct or other facts specific to the case at hand which led the court to conclude that the sentence imposed was fair and reasonable, such reasons are essential to permit this Court to review this sentence for reasonableness as directed by Booker, "[footnotes omitted] U.S. v. Mares, 402 F3d 511 (5th Cir. 2005). The extent of the Trial

14

Court's articulation was to declare Appellant was the highest elected law enforcement official in Hidalgo County and the record does not reflect the detail required by Mares.

The case at bar is a money laundering case where Appellant took campaign contributions from a drug dealer and hid the source. Appellant's position as a candidate is what allowed him the means and opportunity to commit the offense. The Trial Court chose to look at this as a public corruption case, enhanced Appellant because he was Sheriff and then departed upward because he was Sheriff. While Appellant's offense was laundering money through a candidate's campaign account, the preponderance of his sentence was assessed by the Trial Court because he held the position of Sheriff. The Trial Court failed to articulate sufficient justification to show Appellant's sentence was reasonable.

**CONCLUSION AND PRAYER FOR RELIEF**

The sentence assessed against Appellant was based on factors not supported by record and therefore Appellant prays the Judgment of the Court below be vacated and the case be remanded for re-sentencing.

Respectfully submitted,


*/s/Roberto J. Yzaguirre*
**ROBERTO J. YZAGUIRRE**
6521 N. 10th, Suite A
McAllen, Texas 78504
State Bar No. 22234000
Telephone: 956-682-4308
Facsimile: 956-682-7864
Attorney for Appellant,
    GUADALUPE TREVINO

## CERTIFICATE OF SERVICE

I hereby certify that two true and correct copies of the foregoing Appellant's Opening Brief and electronic disk with the Brief and Appellant's Record Excerpts were mailed to Ms. Renata Ann Gowie, United States Attorney's Office, c/o U.S. Marshal Office, 515 Rusk, Houston, Texas 77002, on this the __19th_ day of November, 2014.


_/s/Roberto J. Yzaguirre_____
**ROBERTO J. YZAGUIRRE**

17