# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40770
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE TREVINO, also known as Lupe Trevino,

Defendant-Appellant

United States Court of Appeals
Fifth Circuit
**FILED**
April 22, 2015
Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-482-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Guadalupe Trevino pleaded guilty to conspiracy to launder criminally derived proceeds and admitted to receiving cash and other benefits from a drug trafficker, Tomas Gonzales, while serving as sheriff of Hidalgo County, Texas. He further admitted that the money was funneled to him by subordinates who worked for him in the sheriff's office and also worked on his reelection campaign. Trevino now appeals the 60-month, non-guideline sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed by the district court. He argues that the district court's finding that he was subject to a two-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of public trust constitutes error and its imposition of a 14-month upward variance constitutes an abuse of discretion.

The district court's application of U.S.S.G. § 3B1.3 is a sophisticated factual determination that is reviewed for clear error. *United States v. Miller*, 607 F.3d 144, 147-48 (5th Cir. 2010). This Court will uphold such a determination if "it is plausible in light of the record as a whole." *Id*. at 148 (internal quotation marks and citations omitted). This court applies a two-part test to determine whether there has been an abuse of trust: "(1) whether the defendant occupies a position of trust and (2) whether the defendant abused her position in a manner that significantly facilitated the commission or concealment of the offense." *United States v. Kay*, 513 F.3d 432, 459 (5th Cir. 2007) (internal quotation marks and citation omitted).

This Court and many of its sister circuits have held that members of law enforcement and elected officials occupy positions of trust relative to the general public to whom they are accountable. *See, e.g.*, *United States v. Deville*, 278 F.3d 500, 508 (5th Cir. 2002) (chief of police); *United States v. Blandford*, 33 F.3d 685, 710-11 (6th Cir. 1994) (speaker of Kentucky House of Representatives); *United States v. Lamb*, 6 F.3d 415, 421 (7th Cir. 1993) (lieutenant in police department).

To determine whether the position of trust "significantly facilitated" the commission of the offense, the court must decide whether the defendant occupied a superior position, relative to all people in a position to commit or conceal the offense, as a result of his job. *See United States v. Wright*, 496 F.3d 371, 376 (5th Cir. 2007). Here, the district court found that Trevino took active steps to conceal the source of the funds and that Gonzalez would not have given

Trevino cash and other financial support but for Trevino's position as sheriff. It also found that Trevino received cash from Gonzalez that was not deposited into his campaign fund and more than likely was appropriated for Trevino's personal use. From that, the district court inferred that Trevino accepted the contributions knowing that Gonzalez would ask Trevino for favorable treatment from the sheriff's office at some point, which would require him to subordinate the public's interest to his own. Given these findings, the district court did not clearly err in applying the enhancement. *See United States v. Burke*, 431 F.3d 883, 889 (5th Cir. 2005) (defendant's value to conspiracy was based upon his position as alderman); *United States v. Scurlock*, 52 F.3d 531, 540-41 (5th Cir. 1995) (defendant's position as prison guard allowed her to conspire with inmates).

Trevino did not challenge the procedural or substantive reasonableness of his sentence below. Accordingly, this Court will review for plain error only. To establish plain error, Trevino must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Trevino cannot meet his burden. The district court identified a number of reasons for the upward variance, including Trevino's abuse of his office for private gain, the extent to which Trevino's money laundering furthered drug trafficking in the community, and the loss of confidence in law enforcement throughout the Rio Grande Valley caused by Trevino's criminal conduct. This Court has upheld upward departures and variances of similar or greater magnitude in analogous cases. *See, e.g.*, *United States v. Wade*, 931 F.2d 300, 307-08 (5th Cir. 1991) (upward departure from 188 months to 240 months

based, in part, upon sheriff's actions in furthering drug trafficking conspiracy). The basis for the upward variance was adequately explained, supported by the record, and not based upon an impermissible factor.

    AFFIRMED.